UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JUSTIN MICHAEL WENTZEL,

      Plaintiff,

v.

MARGARET BAKKER et al.,

      Defendants.

_____/

Case No. 1:12-cv-1397

Honorable Gordon J. Quist

## **OPINION**

This is a prisoner civil rights action pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against all Defendants. With respect to Defendant Koster, the Court will allow Plaintiff to amend his complaint with regard to Plaintiff's claim that Plaintiff did not receive a probable cause hearing for eleven months following his warrantless arrest.

Also before the Court is a motion for the Court to appoint counsel to Plaintiff in this matter, and to have Plaintiff's sentence stayed while this matter is pending (docket #8). Plaintiff's motion will be denied.

**Background**

Plaintiff Justin Michael Wentzel was incarcerated at the Allegan County Jail when he filed this action. He is now on probation following a conviction in Allegan County Circuit Court for stalking a minor, Mich. Comp. Laws § 750.477h(2)(b).[1] He received his sentence of probation on June 11, 2012, and he has since appealed his conviction and sentence to the Michigan Court of Appeals. He sues the following employees of Allegan County: Circuit Court Judge Margaret Bakker, Magistrate Judge Kirby J. Goodwin, Detective Chris Koster, Chief Prosecuting Attorney Frederick Anderson, Assistant Prosecuting Attorney Myrene Koch, Court Reporter Anne Lang, Child Protective Services (CPS) Caseworker Amanda Cherian, and Sergeant Christopher Kuhn, as well as the Allegan County Sheriff's Department and unknown officers of the Allegan County Sheriff's Department who conducted a search and seizure on Plaintiff's premises. He also sues the Allegan County Jail.[2]

According to the amended complaint,[3] Plaintiff claims that Defendants have violated his right to a speedy trial and his rights under the Fourth and Sixth Amendments. The specific allegations against each Defendant are set forth *infra*, in Section II. As relief, Plaintiff seeks an investigation into the conduct of the Allegan County Courts and its officers, reversal of his criminal charges, and damages from each Defendant.

---

[1] Information regarding Plaintiff's conviction and sentence are available on his profile on the Michigan Department of Corrections Offender Tracking Information System (OTIS). *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=840704 (visited Apr. 27, 2013).

[2] Plaintiff's complaint does not formally name the Allegan County Jail as a Defendant, but Plaintiff indicates in his motion to stay that he intends to sue the Allegan County Jail. (*See* Mot. to Stay, docket #8, Page ID#25.)

[3] After filing his original complaint in this action (docket #1), Plaintiff filed an amended complaint (docket #13) on the prescribed form pursuant to the Court's order. Although an amended complaint typically replaces the original, Plaintiff asserts different allegations in the two versions of his complaint. Because he is proceeding *pro se*, the Court generously construes the allegations in both versions to be part of Plaintiff's complaint.

**Discussion**

I. Available relief

Plaintiff seeks to have the criminal charges against him reversed, and he moves for an injunction to stay his sentence. Neither form of relief is available in this action. Any challenge to Plaintiff's criminal conviction or sentence should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Court does not have authority in this action to overturn Plaintiff's conviction or to grant him relief from his sentence. To the extent that Plaintiff seeks damages or another form of injunctive relief, however, such relief may be available under § 1983, if his claim is not barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim for damages under § 1983 for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). In other words, "unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence." *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with

request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Thus, to the extent that any of Plaintiff's claims *necessarily* call into question his conviction or sentence, such claims are barred unless Plaintiff can show that the conviction has been overturned or called into question by a state court. Clearly, Plaintiff's conviction has not been overturned or called into question, because the appeal from his conviction is still pending in state court. Consequently, if any of Plaintiff's claims are not otherwise subject to dismissal for reasons stated herein, the Court will examine whether *Heck* would pose a bar to such claims.

## II. Immunity / failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill*

v. *Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Judge Bakker

Judge Bakker presided over Plaintiff's criminal proceedings, including the probable cause hearing, the trial, and the sentencing phase. Plaintiff alleges that she: (1) did not "run" motions to dismiss; (2) conducted a probable cause hearing almost a year late; (3) did not examine evidence to justify probable cause; (4) allowed Plaintiff's trial to be adjourned from February 28, 2012, to May 1, 2012, so that it was held over a year after Plaintiff was arrested; (5) agreed with the prosecutor to release Plaintiff's property and evidence, but did not enforce that agreement; (6) improperly admitted some evidence at trial; (7) improperly excluded or failed to admit other evidence that should have been admitted, including testimony by one of Plaintiff's expert witnesses; (8) gave misleading instructions to the jury; and (9) improperly added points to Plaintiff's sentencing guidelines score when determining the appropriate sentence. (Am. Compl., docket #13, Page ID##51, 54.)

Judge Bakker is absolutely immune from suit for the foregoing conduct. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice

that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 12. Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that the aforementioned actions by Bakker were judicial acts and that they were within her jurisdiction. Thus, Judge Bakker is absolutely immune from liability for them.

Plaintiff also alleges that Judge Bakker failed to have her court reporter prepare hearing transcripts in a timely fashion, and then tried to hide the fact that the transcripts were false. Plaintiff does not state a claim against Bakker for conduct by the court reporter because government officials may not be held liable for the unconstitutional conduct of others under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Thus, Defendant Bakker's failure to supervise or control the actions of a court reporter does not give rise to a constitutional claim.

Moreover, Plaintiff's contention that Defendant Bakker tried to hide errors in the transcripts is unsupported by any allegations of fact. *Cf. Iqbal*, 556 U.S. at 679 (noting that a complaint must state enough facts from which to infer more than the mere possibility of misconduct). Also, Plaintiff alleges no harm as a result of Bakker's actions. Therefore, Defendant Bakker will be dismissed on grounds of immunity and failure to state a claim.

### B. Magistrate Judge Goodwin

Plaintiff alleges that Magistrate Judge Goodwin abused his power by issuing an arrest warrant after Plaintiff was "arrested on probable cause," and by granting a warrant to seize Plaintiff's car after the car was seized. (Am. Compl., docket #13, Page ID#56.) Like Judge Bakker, Magistrate Judge Goodwin is also entitled to absolute immunity. Issuing a warrant is clearly a judicial act. Plaintiff has not alleged that Goodwin acted in the complete absence of all jurisdiction. Consequently, Defendant Goodwin also will be dismissed on the basis of immunity.

### C. Detective Koster

Detective Koster allegedly arrested Plaintiff "on probable cause" in April 2011 and had Plaintiff's car seized, in each case, without a warrant. (Am. Compl., docket #13, Page ID#54.) Plaintiff asserts that Koster did not have "evidence" to justify the warrantless arrest, and that he interrogated Plaintiff before explaining why Plaintiff was under arrest. (*Id.*) Plaintiff also contends that he did not receive a probable cause hearing until approximately eleven months after his arrest. At the probable causing hearing, Koster allegedly committed "perjury," stating: (1) that he had accepted Plaintiff's case only a day or two prior to the arrest, rather than five or six; (2) that he arrested Plaintiff for "CSC" and child abduction, but at the time of arrest he stated that Plaintiff was being arrested for CSC and stalking; and (3) that he did not call Plaintiff prior to the arrest, though in fact he had done so. (*Id.*, Page ID#55.)

First, to the extent that Plaintiff complains about the warrantless arrest by Koster, he does not state a violation of the Fourth Amendment, because he expressly asserts that Koster acted on probable cause. The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend IV. "A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Plaintiff contends that Koster did not have evidence to justify the arrest, but probable cause is adequate to satisfy Fourth Amendment standards. *See id.* Thus, if Koster's actions were supported by probable cause, the fact that he did not have a warrant does not render his actions unreasonable for purposes of the Fourth Amendment. Similarly, if the arrest was supported by probable cause, Koster's allegedly false statements at the probable cause hearing do not undermine the validity of the arrest and subsequent detention.

Moreover, Koster's false statements do not give rise to a constitutional claim because Plaintiff does not allege that the statements were material to the probable cause determination. Indeed, Koster's asserted reasons for the arrest is not relevant to that issue. *See Devenpeck*, 543 U.S. at 153 ("Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause. That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.") (citations omitted). Likewise, neither the amount of time that Koster was aware of Plaintiff's case prior to the arrest, nor the fact that Koster called Plaintiff prior to the arrest, has any plausible bearing on the issue of probable cause or the reasonableness of the arrest.

In addition, Koster's failure to notify Plaintiff of the reason for the arrest when it occurred does not give rise to a § 1983 claim. Plaintiff did not have a constitutional right to know the reason for his arrest at the time that it occurred. *See United States v. McGavic*, 337 F.2d 317,

321 (6th Cir. 1964) (noting that "there is no federal constitutional requirement that the arresting officer inform the person arrested of the reason for the arrest") (Edwards, J., concurring).

Plaintiff also complains that he did not receive a probable cause hearing for eleven months following his warrantless arrest. The Supreme Court has held that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following [a warrantless] arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). That determination must be made "promptly" after the arrest. *Id.* at 125. If no determination is made within forty-eight hours, the burden shifts to the government to demonstrate that the delay was justified by the existence of an emergency or other extraordinary circumstance. *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). However, *Gerstein* and *McLaughlin* only apply where an individual is taken into custody and detained following an arrest. *See Harris v. Cnty. of Calhoun*, 127 F. Supp. 2d 871, 875 (W.D. Mich. 2001). Plaintiff does not expressly allege that he was detained for eleven months, or for any meaningful period of time, following his arrest by Koster. Thus, the Court concludes that Plaintiff has not stated a Fourth Amendment claim based on the facts alleged. Therefore, the Court will dismiss Plaintiff's claim against Koster but will give Plaintiff an opportunity to amend his complaint to expand on his allegations and to clarify the nature of the claims against Koster.

**D. Prosecutor Koch**

Defendant Koch was an attorney representing the government in Plaintiff's criminal proceedings. Plaintiff alleges that she: (1) refused to drop Plaintiff's case because it would "look bad" if she did; (2) attempted to coerce Plaintiff into taking a plea; (3) offered Plaintiff a plea without putting it in writing, because it would "look bad" if she did; (4) refused to allow or relinquish evidence that would prove Plaintiff's innocence; and (5) told Plaintiff's attorney that, if there was a conviction, she would attempt to do everything in her power to ensure that Plaintiff

received the maximum sentence. (Compl., docket #1, Page ID#2; Am. Compl., docket #13, Page ID#55.)

Koch is entitled to absolute immunity for her actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. The focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997).

Koch's decision to prosecute, her refusal to drop the case against Plaintiff, her attempts to obtain a plea bargain, and her alleged refusal to release exculpatory evidence are all closely related to the prosecutor's role as an advocate; as such, she is entitled to immunity for those actions. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that initiation of a prosecution and the presentation of the state's case, including the deliberate suppression of evidence, is entitled to immunity); *Cady v. Arenac Cnty.*, 574 F.3d 334, 341 (6th Cir. 2009) ("Conduct associated with plea bargains has long been held by this court to be 'so intimately associated with the prosecutor's role as an advocate of the State in the judicial process' as to warrant absolute immunity."); *Jones*

*v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986) (holding that the non-disclosure of exculpatory information is "clearly" within the scope of prosecutorial immunity). Thus, she will be dismissed on grounds of immunity.

### E. Defendant Anderson

Chief Prosecutor Anderson allegedly conspired to conceal civil rights violations, stating that he would hold Plaintiff's property until after an appeal. Plaintiff contends that he sent Anderson a letter about Koch's "unethical" conduct, but Anderson did not respond. (Am. Compl., docket #13, Page ID#57.) Plaintiff's allegations of conspiracy involving Anderson are too vague and conclusory to state a plausible claim. To state a claim for conspiracy, a plaintiff must plead with particularity; vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. Michigan,* No. 94-2456, 1995 WL 355662, at

*2 (6th Cir. June 13, 1995). Plaintiff has not alleged a violation of his constitutional rights, much less an agreement by Anderson to do so.

In addition, Plaintiff does not allege that the property in question was seized or retained in violation of the Fourth Amendment, and there are no allegations to support such a claim. To the extent Plaintiff contends that Anderson has unlawfully retained his property in violation of due process, his claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).

Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). Plaintiff does not allege that state post-deprivation remedies are inadequate to remedy his loss. Indeed, several post-deprivation remedies may be available to him. The proper remedy for recovery of property seized as evidence in a criminal case is to file a motion in the trial court for return of property. *See People v. Washington*, 351 N.W.2d 577 (Mich. 1984). In addition, Plaintiff may be able to bring a civil action in state court for "claim and delivery" under Mich. Comp. Laws

§ 600.2920, to recover possession of, and recover damages for, goods or chattels that have been unlawfully taken or detained. *Id.* Michigan law also authorizes actions in the court of claims asserting tort or contract claims for money damages "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). Plaintiff does not allege any reason why a post-judgment motion in his criminal case or an independent state action would be inadequate to afford him relief for the deprivation of his personal property; thus, he does not state a due process claim.

Furthermore, to the extent that Plaintiff claims Anderson failed to properly supervise Koch, or failed to respond to complaints about Koch, Plaintiff does not state a claim. As indicated *supra* with respect to Defendant Bakker, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691. Furthermore, liability may not be imposed simply because a supervisor failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not alleged that Anderson engaged in any active unconstitutional conduct. Thus, Anderson will be dismissed for failure to state a claim.

### F. CPS Caseworker Cherian

Caseworker Cherian allegedly: (1) "[c]ommitted perjury when she placed an alleged text message in quotations, indicating a direct quote, and then altered what was said in text"; (2) failed to conduct an investigation on statements against the mother of the victim; (3) made contradictory statements in a report; and (4) did not allow Plaintiff to see "family trends." (Am.

Compl., docket #13, Page ID#56.) None of Plaintiff's allegations against Cherian plausibly suggest a violation of his constitutional rights. Thus, Cherian will be dismissed for failure to state a claim.

### G. Detective Kuhn

Defendant Kuhn allegedly conducted a forensic evaluation of Plaintiff's computers and phones after they were seized by the police. When the police returned Plaintiff's laptop computer, he discovered that it had "spyware" on it, and that it had been used to store personal information and pictures. (Am. Compl., docket #13, Page ID#56.) In addition, Kuhn has refused to return all of Plaintiff's property, even though Judge Bakker and the prosecuting attorney agreed to release it. (*Id.*)

A due process claim against Kuhn is barred by the rule in *Parratt*, for the reasons stated *supra* with respect to Defendant Anderson; Plaintiff does not allege that state remedies are inadequate to allow him to recover his property. Moreover, Plaintiff's allegations do not state a violation of the Fourth Amendment, or any other type of constitutional claim, against Kuhn. Thus, Kuhn will be dismissed for failure to state a claim.

### H. Unidentified Officers

Plaintiff further alleges that unidentified officers of the Allegan County Police Department seized unidentified evidence from his residence pursuant to search and seizure warrants, but failed to return to the courthouse immediately thereafter to inventory the evidence. The foregoing does not state a violation of Plaintiff's constitutional rights.

Plaintiff also alleges that some of the evidence seized from his residence is missing, particularly three letters by a person named Caleb Fink. (Compl., docket #1, Page ID#2.) While the loss or destruction of property by a government official may violate Plaintiff's right to due process, a due process claim would be subject to the rule in *Parratt*. Plaintiff does not allege that

state post-deprivation remedies are inadequate to remedy the loss of his property. Thus, he does not state a claim against the unidentified officers who seized evidence from his residence.

### I. Court Reporter Lang

Defendant Lang allegedly prepared false transcripts and failed to prepare correct transcripts within 91 days after they were requested by Plaintiff's lawyer. Plaintiff asserts that the 91-day deadline is found in Rule 7.210(B) of the Michigan Court Rules. (*See* Supp. to Mot., docket #11, Page ID#29.) Plaintiff's claim against Lang fails because he does not allege any injury as a result of her actions. Furthermore, even if Lang did not comply with the requirements of the Michigan Court Rules, § 1983 does not provide redress for a violation of the Michigan Court Rules or state law. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Consequently, Lang will be dismissed for failure to state a claim.

### J. Allegan County Defendants

Plaintiff complains that Allegan County: (1) refused to provide Plaintiff with "detailed descriptions of what was found on [his] computers, hard drives, and phones"; (2) neglected to send unidentified evidence to a crime lab in Grand Rapids to be evaluated by a "licensed forensic"; (3) failed to have a CPS caseworker appear for Plaintiff's trial; and (4) failed to have one of Plaintiff's expert witnesses appear for trial. (Compl., docket #1, Page ID#2.) Plaintiff also contends that the Allegan County Jail refused to provide assistance for writing a "Stand[a]rd 4" brief for filing on appeal in his criminal case. (*Id.*, Page ID#3.) In addition, the Allegan County Sheriff's Department is named as a Defendant, ostensibly because of the actions of its officers.

As an initial matter, the Allegan County Jail is a building, not a "person" subject to suit under § 1983. Thus, the Court construes the complaint to assert a claim against Allegan County. Allegan County and the Allegan County Sheriff's Department (to the extent that the latter is an

independent entity) are municipal entities. A municipal entity is only liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell*, 436 U.S. at 694). It is not liable for the conduct of its employees or agents under a theory of respondeat superior. *Monell*, 436 U.S. at 694. In a municipal-liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Claiborne Cnty.*, 103 F.3d at 508-09. Plaintiff's claim fails at the first step because he does not identify a policy or custom that is the source of his injuries.

A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the county. *Monell*, 436 U.S. at 690. Plaintiff has not identified an official policy of the county or the county sheriff's department.

A "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cnty.*, 103 F.3d at 507 (citations and quotations omitted). Plaintiff has not identified a custom. Instead, Plaintiff alleges discrete instances in which the county or its officials allegedly failed or neglected to act.

Furthermore, even if Plaintiff had sufficiently alleged a policy or custom, his allegations do not state a viable constitutional claim. Plaintiff does not have a freestanding constitutional right to receive a description of property seized from him, or to have evidence against him evaluated by licensed forensic experts.

Regarding the county's failure to secure the appearance of witnesses, Plaintiff claims that this failure violated his rights under the Confrontation Clause and the Compulsory Process Clause. These Sixth Amendment clauses apply to the States through the Fourteenth Amendment. *Pennsylvania v. Ritchie*, 480 U.S. 39, 45 n.5 (1987). The Compulsory Process Clause provides that in all criminal prosecutions the accused shall enjoy the right to have compulsory process for obtaining witnesses in his favor. U.S. Const. amend VI. The Confrontation Clause provides that a person accused of a crime has the right "to be confronted with the witnesses against him" at trial. *Id.* at 52-53 & n.5. Plaintiff's allegations regarding these claims are wholly conclusory; they are not supported by any material facts regarding his trial proceedings. Furthermore, the only injury alleged is Plaintiff's conviction. Consequently, his Sixth Amendment claims are barred by *Heck*, because success would necessarily imply the invalidity of his conviction.

To the extent Plaintiff claims that the jail denied him his right of access to the courts by failing to provide legal assistance, *see Bounds v. Smith*, 430 U.S. 817 (1977), he does not state a claim because he acknowledges that he had counsel to assist him. Appointment of counsel fulfills the state's constitutional obligation to provide inmates with full access to the courts. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983). Also, Plaintiff does not allege any injury to a claim in his criminal proceedings, as is necessary to state an access-to-the-courts claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 351-53 (1996) (holding that a plaintiff must show that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his

efforts to pursue a nonfrivolous legal claim); *see also Christopher v. Harbury,* 536 U.S. 403, 415 (2002) (holding that the underlying legal claim must be described in the complaint).

For the foregoing reasons, therefore, Plaintiff does not state a claim against the Allegan County defendants, including the county itself, the Allegan County Sheriff's Department, and the Allegan County Jail.

### III. Motion for stay / appointment of counsel

Plaintiff's motion seeks a stay of his sentence and appointment of counsel. As indicated, the Court does not have authority in this action to grant Plaintiff relief from his criminal sentence. Regarding Plaintiff's request for counsel, indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Thus, Plaintiff's motion for a stay and for appointment of counsel will be denied.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Bakker, Goodwin, Koch, Koster, Anderson, Cherian, Kuhn, Lang, the Allegan County Sheriff's Department, unidentified officers of the Allegan County Sheriff's Department, and the Allegan County Jail will be dismissed for failure to state a claim and/or on grounds of immunity pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). With respect to Defendant Koster, the Court will provide Plaintiff an opportunity to amend the complaint with regard to Plaintiff's claim against Defendant Koster that Plaintiff did not receive a probable cause hearing for eleven months following his warrantless arrest. Plaintiff's motion for appointment of counsel and for a stay (docket #8) will be denied.

An Order consistent with this Opinion will be entered.

Dated: August 12, 2013 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE